CHARLES NICOLA PURIN Good morning. May it please the Court? I'm Charles Nicola Purin for the Petitioners in this matter. MS. NICOLA PURIN Yes. Before you go forward, I believe that there is some commonality between this case and the next case to be argued. I just want to make sure that counsel was aware of that. CHARLES NICOLA PURIN Thank you. MS. NICOLA PURIN On the fugitive disentitlement doctrine. CHARLES NICOLA PURIN Thank you, Your Honor. The Petitioners, Ramon and Aurora Chavez, are a husband and wife who petitioned the Court to review the Board of Immigration Appeals' decision denying their the BIA's decision of November 22nd, 2004, denying their motion to reopen so that their application for cancellation of removal under INA Section 240aB could be reviewed. Procedurally, the cases for the two Petitioners are different. In the case of Mrs. Chavez, she was denied cancellation of removal by the immigration judge and granted 60 days of voluntary departure. On appeal, the Board of Immigration Appeals issued a streamlined decision under ACFR Section 103.1e4, which means that it affirmed the immigration judge's decision in its entirety with no amendments and with no separate decision. Nevertheless, the BIA shortened the grant of voluntary departure from 60 to 30 days. Ms. Chavez filed a motion to reopen removal proceedings within the 90-day period, the statutory 90-day period, but beyond the 30 days of voluntary departure, which had been granted by the BIA. In denying the motion to reopen, the BIA determined that she was barred from applying for any form of relief under the Immigration and Nationality Act because she failed to depart within the voluntary departure time granted by the Board. The BIA made no other finding regarding any aspect of Ms. Chavez's motion to reopen. Now, there is a very recent Ninth Circuit case which is adverse to Ms. Chavez's case, and that's Granados-Oseguera v. Mukasey, which came out on October 7th. And in that case, the Court held that the BIA appropriately denied a motion to reopen, which was filed within the 90-day period for filing a motion, but beyond the expiration for voluntary departure. The Court held that the BIA could not grant relief to an alien who overstayed voluntary departure, even for exceptional circumstances, due to the statutory preclusion for grants and relief under INA Section 240bd1. And this is addressed also in the Respondent's brief, pages 14 through 15, as to whether the filing of a motion to reopen beyond the voluntary departure precludes reopening. However, Petitioners contend that the BIA's decision was defective concerning voluntary departure, which requires that the prior order be vacated and remanded for a new decision concerning voluntary departure under this Court's decision in Padilla v. Gonzales. In Padilla v. Padilla, the Court held that the BIA, when it issues a streamlined opinion, without making any amendments to the immigration judge's decision, the I.J.'s decision is approved in its entirety, including the voluntary departure period. So in the present case, the BIA issued a streamlined decision to the female Petitioner, but impermissibly shortened the voluntary departure period from 60 to 30 days. So under these circumstances, Petitioner contends that the Court should vacate the BIA's decision, remand the case for a decision on voluntary departure, in accordance with the Court's holding in Padilla v. Padilla. The government does note in its brief on page 14 that if the BIA even if the BIA had erred in shortening the voluntary departure time, Petitioner still filed her brief or her motion to reopen beyond the 60 days. However, if the BIA's order is defective and it were to be vacated on remand, the issue of voluntary and remanded on the issue of voluntary departure, then there would be no prior order imposing a statutory bar to the issuance of voluntary departure, nor to a motion to remand for review of Petitioner's claim under current conditions. Now, as to the other question  I'm not sure I can answer that. Ginsburg. Well, it's just it's a little hard to figure out what it is that you actually want, bottom line. We want the case to be remanded to the board. Well, first of all, they have a defective order. The Court, even if the Court were to find that the motion to reopen didn't meet the requirements of sufficient for reopening, they could still remand on the issue of voluntary departure, because the BIA's decision there is clearly defective. And it's contrary both to A.M., the board's decision, and to this Court's decision in Padilla. So if it were remanded, then the BIA would have to remand it to the immigration judge on the issue of voluntary departure for a background check. And Petitioner could, if there are new facts regarding a reopening, under a matter of M.D., those facts could be considered by the I.J. if the I.J. felt it was appropriate. Well, didn't the BIA at least at one time determine that he lacked good moral character? No. That was not the wife. That was Mr. Bia. That was the hostess here. Yeah. Yeah. No, no. His case is different. So when you – so for each, would you just separate it out as to the bottom line for each one, as to what the case is? Okay. So what I just said would apply to Ms. Chavez. Now, for the male Petitioner, the immigration judge, in that case, he found that under INA section 101, F6, he was ineligible because he had given false testimony under oath. Well, let me just ask a question about our jurisdiction over Asencio's claim. Don't we lack jurisdiction because he didn't challenge the I.S. determination within the 32-day – the 30-day statutory limit? Yeah. But it – I know. I didn't have it at the BIA. But I – the trial attorney, the government raised the issue. The government raised that issue to the – to the – in its – in its appeal, in its response. So it thoroughly went over that issue. Furthermore, in Mr. Chavez's case – Excuse me. The fact the government briefed it on appeal has nothing to do with the fact that he didn't raise it below. And if he didn't raise it below, we have no jurisdiction to – But it was also raised sui sponte by the Board in its motion – in its decision regarding the motion to reopen. It determined that it had granted Mr. Chavez voluntary departure. Even though the immigration judge had not. The Board of Immigration Appeals, in the – in the decision on the motion to reopen, recognized we made a mistake. We shouldn't have granted him voluntary departure. So we're reopening sui sponte to – to deny him voluntary departure on the issue of false testimony. And then – then they – they denied his – his motion to reopen. But, you know, the – the facts of this case don't indicate that there was false testimony for an immigration benefit. While his wife and his two daughters, ages 9 and 15, were there, he was asked whether he had ever been arrested, and he said no. And then the – the trial attorney said, well, weren't you arrested for solicitation of a prostitute, even though there was no record of conviction? He said no. Well, you know, there's a – the Supreme Court case, Kunin's, says that – that a false misrepresentation has to be for an – for the purpose of obtaining an immigration benefit. It cannot be because of embarrassment or wanting to protect privacy. And in this case, this – what he testified to would not have affected his case. He would not have been barred from cancellation of removal because of this – of this incident. So I don't think there was really a showing that – that there was any false testimony in – for the purpose of gaining an immigration benefit. Roberts. Okay. I have one minute remaining. I just have to reserve it for a couple of minutes. Okay. You can reserve it. Good morning, Your Honors. My name is Julia Tyler, and I represent the Attorney General of the United States in this immigration case. Could you take each of the Petitioners separately and just run through? I'd be happy to, but I'd also be happy to address the issues that Petitioner's raised about that. With respect to the Padilla-Padilla issue, Your Honor, first, I would direct the Court's attention to the fact that Petitioner never even cited Padilla-Padilla in his brief. The fact that the board reduced the time frame for the voluntary departure period and – and perhaps – perhaps erroneously under E-4 is not a specific issue that was ever raised. So he is waived. Secondly, as Your Honor pointed out, the Petitioner never appealed the underlying immigration – I'm sorry – the underlying board decision, which was issued on July 16th. And so, anyway, Your Honors, Respondent urges this Court to exercise its discretionary authority under the Fugitive Disentitlement Doctrine to dismiss this petition for review in its entirety, because both Petitioners failed to repeal it. Do we have to reach that here? I believe, Your Honors, that is a discretionary decision that rests with this Court. However, the Respondent does urge the Court to exercise that discretion in this case. Well, suppose before we decide whether we exercise such discretion, if we decide we have it, we want to look to see what's there. Certainly. So why don't you just go through each one and tell us why. Of course. I'd be happy to, Your Honors. Is this a new, recent policy to urge the Fugitive Disentitlement Doctrine? We have it in two cases in a row this morning, and I haven't seen that urged before. Your Honors, I'm not aware whether this is a recent policy, but this is an interesting case in that both Mr. – originally, Ms. Chavez was granted voluntary departure in the exercise of the immigration judge's discretion, and Mr. Chavez Asensio was not. And the Board, through an error, granted Mr. Chavez Asensio voluntary departure. And quite remarkably, although not being entitled to voluntary departure, neither of these individuals did depart within 30 days. And furthermore, four days after the expiration of the voluntary departure period, when they further had not appealed the BIA decision to this Court, they were issued both bag-and-baggage letters by Immigrations and Customs Enforcement, which they have ignored to this day. And, Your Honors, I think it's significant that neither of these individuals, Petitioner's counsel, has ever addressed the issue of that bag-and-baggage letter, although the – Okay. You don't know the answer to the question that we – that Judge Reinhart asked as to the origin of this policy to urge that ground, because we have not seen it before. And the answer is you don't know and you – Well, I'm not aware that it is – that it is a new policy, Your Honor. I do know that in a recent Second Circuit decision in 2007, they applied the Fugitive Disentitlement Doctrine in a case almost exactly like this. Well, that's arguable, though. Sorry? There is a case, a 1993 case, Ortega-Rodriguez, not cited by anyone in this case, which indicates that the policy doesn't apply unless the people are out of the country. As long as they're here and you're capable of bringing them into court, it only applies when they're fugitives and they're out of the country. So I just want to indicate there is a case out there, but it wasn't cited. So maybe you should move on. Which is what you want, anyway, to have them out of the country. So you ought to be pleased. Well, yes. And, Your Honor, I would also state that in Zipan v. DOJ, this Court cited with approval the Second Circuit's decision in Barr-Levy, in which the Court said that although an alien who fails to surrender to the INS despite a lawful deportation order is not strictly speaking a fugitive in a criminal matter, we think he is nonetheless a criminal – a fugitive from justice. And an alien who is a fugitive from a deportation order should ordinarily be barred by his fugitive status from calling upon the resources of this Court to determine his claims. Why don't – okay. We understand that. No. Certainly, Your Honor. Why don't you just go through with each one and we'll – Secondly, Your Honors, this Court lacks jurisdiction to consider Mr. Chavez Asensio's claim that the board erred in denying his motion to reopen pursuant to this Court's decision in Fernandez v. Gonzalez, because Mr. Chavez Asensio in his motion to reopen presented no additional evidence – well, I should say no new evidence. The only evidence he presented in his motion to reopen was cumulative evidence which was supporting his original claim of exceptional and extremely unusual hardship with respect to his younger daughter, Viridiana. So under Fernandez and under the discretionary review bar, this Court clearly lacks jurisdiction to revisit that motion to reopen. Third, this Court lacks jurisdiction to consider Mr. Chavez Asensio's claim that the IJ erred in denying him voluntary departure because he was found to lack good moral character, as Your Honor pointed out, because, number one, he failed to exhaust that issue before the board. Secondly, he failed to file a timely petition for review of this board's order. And in addition, even if he had filed a timely petition for review, this Court lacks jurisdiction to review the denial of voluntary departure. Finally, with respect to Mrs. Chavez Asensio, this Court should deny the petitioner for review with respect to her claim that the board abused its discretion and violated due process when it denied her motion to reopen to apply for discretionary relief of cancellation of removal because she failed to depart pursuant to her grant of voluntary departure. And as recently as October 7th, as Petitioner's counsel mentioned, or Granados O. Segmiera, this Court said that it's not just correct for the board to deny a motion to reopen when a petitioner has failed to depart under a grant of voluntary departure, but the board is compelled to do so pursuant to the statute. Sotomayor, neither one of them ever filed a petition for review of the underlying deed? That is correct, Your Honor. That is correct, Your Honor. All right. And with respect to voluntary departure, I would point out that I do not take great exception to Petitioner's suggestion that the board somehow reopened the issue of voluntary departure when it issued its amending order with the motion to reopen. It was simply correcting the record that Mr. Chavez Asensio was not entitled to a voluntary departure and did not receive voluntary departure. I find it amazing that despite the fact that he had been somehow by error granted voluntary departure and did not leave, that he somehow ---- I take it the order the order correcting the record was made after the time for him to voluntarily depart had expired, assuming that he had any right to voluntarily depart in the first place. Precisely, Your Honor. The board's order was issued on November 22nd, 2005, and he was ordered to depart by August 15th. Thank you. Are there any further questions? Did he say that again? The order issued in November? He was ordered to depart. His inerror grant of voluntary departure expired as of August 15th, 2004, and the board denied his motion to reopen on November 22nd, 2004. So several months after the expiration of his grant of voluntary departure pursuant to the board's order and several months after they failed to appear for the bag-and-bag attorney. And it was that November time that they corrected it? Correct. That he didn't get it? Okay. Thank you. Any further questions? Thank you. Thank you. Thank you. As to the citing of Padilla-Padilla, that's a case which came out subsequent to the briefing. This case was briefed back in 2006, and that case came out in 2006, I believe, after the briefing schedule expired. Did you file a 28-J letter? Excuse me? Did you file a 28-J letter? No, I just did, but I did that yesterday regarding this case. I also mentioned El Seguero, the recent case, which is adverse to my client. The as far as the fugitive issue, this that issue was raised actually by the service and its appeal, but the board chose not to make any decision on that. And I believe under the Supreme Court's decision in Ventura, the board has to make its first decision on questions of fact and eligibility before the Ninth Circuit would review it. And since the BIA never addressed the Fugitive Disentitlement Act, I don't think that that's a matter which would preclude the applicant from applying for relief. Your time has expired. Okay. Thank you. Thank you. The case to start, it is submitted for decision. We'll hear the next case, which is Linton.
judges: Schroeder, D.W. Nelson, Reinhardt